IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-75 |
| | ) | |
| | ) | |
| GRIGORE MANOLACHE | ) | |
| | ) | |
| Defendant. | ) | |

FILED
JUL 1 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## STATEMENT OF FACTS

The United States and the defendant, Grigore MANOLACHE, agree and stipulate if this matter were to come to trial, the United States would prove the following facts regarding the defendant's conduct beyond a reasonable doubt:

1. At all relevant times, *the M/V Irene E/M* ("Irene") a 21,000 gross ton vessel operated by *Chian* Maritime Enterprises, Inc. (hereinafter referred to as "*Chian*"), was operating in international commerce, moving bulk products to and from different ports. One of these ports, Big Stone Anchorage, was located in Delaware Bay, Delaware (hereinafter referred to as "Delaware Bay").

2. At all relevant times, defendant Manolache was the "Master" or "Captain" of the Irene, and was responsible for the navigation of the vessel, representing the vessel's interest during communication with port officials, and maintaining the life and safety of the crew. Manolache provided direction and orders to lower level officers, engineers and crew.

3. Within Delaware Bay, there was a United States Coast Guard (hereinafter referred to as USCG) inspection of the Irene conducted on December 8, 2005.

4. Drills which test crew responses to security threats must be completed at least once every three months while a vessel is at sea and accurate records of each drill must be maintained in accordance with 33 C.F.R. § 104.230 and 33 C.F.R. § 104.235, respectively.

5.    An accurate security training log book must be maintained and made available for inspection to USCG personnel as required by 33 C.F.R. § 104.235.

6.    The defendant knowingly caused the crew to sign the security drill log book indicating that a security drill took place on or about August 11, 2005 when in fact it had not.

7.    The defendant knew that presenting a false security training log book to the United States Coast Guard was a violation of U.S. law.

8.    The USCG is part of the Department of Homeland Security and had authority to board the *Irene*, inspect the vessel, and request that the training log book be made available for review during their inspection of December 8, 2005.

_____
Bruce Pasfield
Attorney for Manolache

_____
Mark W. Kotila
Senior Trial Attorney

_____
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environmental & Natural Resources Div.

By:    _____
Jeffrey L. Phillips
Trial Attorney

Dated: