UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>       Plaintiff, )<br>  )<br>  v. )<br>  )<br> GRIGORE MANOLACHE )<br>  )<br>       Defendant. ) | Criminal Action No. 06-**75** |

F I L E D

JUL 1 3 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys (Mark W. Kotila and Jeffrey L. Phillips, Senior Trial Attorney and Trial Attorney for the Environmental Crimes Section of the Department of Justice, with the consent and knowledge of Sue Ellen Wooldridge, Assistant Attorney General of the Environment and Natural Resources Division), and the defendant Grigore Manolache, by and through his attorneys (Bruce Pasfield, Esq. and Jocelyn Steiner Esq.), the following agreement is hereby entered into by the respective parties:

Charges and Waiver of Indictment

1.    The defendant agrees to waive indictment and enter a plea of guilty to one count of a criminal Information charging him with the following:

    a.    Knowingly and willfully causing the use of a false writing and document knowing the same to contain a material false, fictitious and fraudulent entry, in a matter within the jurisdiction of the United States Coast Guard and the Department of Homeland Security, in that Manolache represented and caused to be represented in the Security Drill Log Book for the *M/V Irene*, E/M ("Irene"), a false entry dated August 11, 2005, to indicate that the Irene had completed an "Anti Swimmer Attack Drill", when in fact it had not been ordered or completed, and such book was presented during an inspection of the vessel on or about

December 5, 2005 at the Port of Big Stone Anchorage, Delaware Bay, Delaware to the United States Coast Guard, in violation of Title 18, United States Code, Section 1001(a)(3) and 33 Code of Federal Regulations Section 104.235, which carries a maximum statutory penalty of imprisonment not more than 5 years and fined under Title 18, United States Code.

    2.    For this Count, the elements of the offense are as follows:

        a.    the defendant knowingly and willfully;

        b.    made or caused to be made a writing, statement or document;

        c.    the writing, statement or document was materially false; and

        d.    the material fact was a matter within the jurisdiction of an executive branch of the Government of the United States.

A factual basis which described how the offense was committed is attached.

### Potential Penalties, Assessments, and Restitution

    3.    The defendant agrees to pay the special assessments on or before the day of the sentencing hearing. The defendant understands that the potential penalty for this offense includes imprisonment for not more than 5 years, a potential fine of $10,000, a special assessment of $100, and a term of probation of one to five years.

    4.    The defendant understands that the Court shall order restitution to any identifiable victims unless, pursuant to Title 18, United States Code, Sections 3663 and 3663A, the Court determines that restitution would be inappropriate in this case.

### Waiver of Constitutional and Statutory Rights

    5.    The defendant represents to the Court that it is satisfied that its attorney has rendered effective assistance. The defendant understands that by pleading guilty in this case, he agrees to waive certain rights afforded by the Constitution of the United States, by statute or

both, including but not limited to: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, the defendant would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear and testify, to present other evidence in his behalf and to decide whether to testify. The defendant would further have the right to have the jury instructed that it is presumed innocent until proven guilty, and that the burden will be on the United States to prove the defendant's guilt beyond a reasonable doubt. If the defendant were found guilty after a trial, he would have the right to appeal the conviction.

<u>Applicability of the Sentencing Guidelines and Recommended Sentence</u>

6. The defendant is aware that its sentence will be imposed in accordance with the Sentencing Reform Act of 1948 and the Sentencing Guidelines and Policy Statements. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is also aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds

set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

    7.    The United States and the defendant agree that the following sentencing guideline calculations apply:

    Sections 2B1.1 "Base Offense Level" ............................................+6

    Section 3B1.1 "Aggravating role for management/supervisor".....+3;

    Section 3E1.1 "Acceptance of Responsibility" ...............................-2.

        Subtotal................................................................+7

The United States and defendant reserve the right under this agreement to argue before the court at sentencing whether Section 3B1.3 "Abuse of Position of Trust" applies.

    8.    The defendant fully and completely understands that this Plea Agreement is submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The defendant agrees that Chapter 8 of the United States Sentencing Guidelines Manual governs this case with regard to any payment of restitution, community service, and probation.

    9.    The defendant fully and completely understands that the sentence to be imposed is within the sole discretion of the sentencing judge, and that the United States cannot and does not make a representation or promise as to what sentence the defendant will ultimately receive. Except as otherwise provided in this agreement, the United States reserves its right to take any position with respect to the appropriate sentence to be imposed on the defendant by the sentencing judge and to provide the sentencing judge and the U.S. Probation Office all other law and information relevant to sentencing, favorable or otherwise, including information provided

by the defendant before and after signing this agreement and otherwise protected by U.S.S.G. § 1B1.8. In addition, the United States will inform the sentencing judge and the U.S. Probation Office of this agreement and the full nature and extent of the defendant's activities and relevant conduct with respect to this case.

10. As part of this plea agreement, the defendant understands and admits to the relevant conduct described in Attachment A to this plea agreement, which will also be encompassed in a pleading styled "Statement of Facts" and filed along with the Information in this case. The United States and the defendant agree that the Statement of Facts represents those facts that the United States would have proved beyond a reasonable doubt if this matter had gone to trial. The parties agree that said facts, as set forth in the Statement of Facts, are sufficient to support the defendant's convictions for the Count of the Information, to which the defendant is pleading guilty.

### Scope of Agreement

11. Other than the offense to which the defendant agrees to plead guilty pursuant to this agreement, the United States agrees not to charge the defendant with any other criminal offenses committed before execution of this agreement within the District of Delaware relating to the described offense conduct and about which the defendant has made the Government aware in debriefings in anticipation of this agreement. The defendant understands that this plea agreement affects only criminal charges and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any remedies available to the United States under Title 31, United States Code, Section 3729 *et seq.*, or any other civil or administrative remedies, including suspension and debarment, available to the United States by law. In the event that any other local, state or federal enforcement agency investigates conduct related to this

plea agreement, this Office agrees to advise this agency of the terms of this agreement and the nature and extent of the defendant's cooperation under this agreement.

## Reservation of Allocution

12. The United States reserves its full right of allocution for purposes of sentencing in this matter, subject to the terms of this plea agreement. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of the defendant's misconduct, including misconduct not described in the charges to which the defendant is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

13. The defendant also understands that the United States retains its full right of allocution in connection with any post-sentence motion that may be filed in this matter. The United States reserves the right to appeal any sentence imposed in this case that is outside the statutory minimum or maximum range. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues. The Government agrees only to appeal any Court decision that is outside the applicable sentencing guidelines range.

14. The United States and the defendant agree that the United States will be free to use against the defendant for any purpose at the sentencing in this case any self-incriminating information provided by the defendant, pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, provided that use of statements

made pursuant to a proffer agreement dated February 28, 2006 will be governed by paragraph eight of that agreement.

## Breach of Agreement

15. The defendant understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this plea agreement, or commits any further crimes, he will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be subject fully to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice.

The defendant acknowledges discussing with his counsel Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, the defendant understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this plea agreement will be admissible against him for any purpose in any criminal or civil proceeding if he breaches this plea agreement or his guilty plea is subsequently withdrawn. Moreover, in the event that his guilty plea is withdrawn, the defendant agrees that the United States will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefings conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

16. Any prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement, and not limited by paragraph eleven of this agreement, may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. The defendant knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph, notwithstanding the terms of above Paragraph 11.

17. The defendant understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

## Prosecution by Other Agencies/Jurisdictions

18. This agreement only binds the United States Attorney's Office for the District of Delaware and the Department of Justice Environmental Crimes Section. It does not bind any other United States Attorney's Office or any other office or agency of the United States government.

## No Other Agreements

19. The parties agree that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to and after this Memorandum are null and void and have no effect

whatsoever unless they comport with the subsequent written modification requirements of this paragraph.

_____
Bruce Pasfield
Attorney for Defendant

_____
Joclyn Steiner
Attorney for Defendant

_____
Grigore Manolache
Defendant

By: _____
Mark W. Kotila
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

_____
SUE ELLEN WOOLDRIDGE
Assistant Attorney General

By: _____
Jeffrey L. Phillips
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

Dated:

AND NOW, this 13th day of July, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
The Honorable Gregory M. Sleet
United States District Judge